Edgar J. Kaufmann et al. [1] v. Commissioner. Kaufmann v. Commissioner
Docket Nos. 29363, 29364, 29365, 29367 and 29368.
United States Tax Court
1951 Tax Ct. Memo LEXIS 127; 10 T.C.M. (CCH) 790; T.C.M. (RIA) 51250; August 27, 1951
*127 Norman D. Keller, Esq., for the petitioners. Kalman A. Goldring, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Deficiencies in income tax for the years and in the amounts following are in controversy: Docket No.
1943
1944
1945
Edgar J. Kaufmann
29363
$53,268.14
$202,099.86
$103,360.19
Liliane S. Kaufmann
29364
1,552.09
8,314.86
Edgar Kaufmann, Jr.
29365
1,164.93
3,914.42
Oliver M. Kaufmann
29367
20,610.43
39,199.65
Irwin D. Wolf and Martha K. Wolf
29368
5,770.53
16,181.66 The sole remaining question is whether and to what extent petitioners are entitled to deductions of payments growing out of tax liabilities of corporations of which they were stockholders. All of the facts have been stipulated as have the other issues. The stipulated facts are found. They are summarized as follows in petitioners' brief without objection by respondent: [The Facts] 1. Kaufmann Department Stores Securities Corporation (hereinafter called "Securities Corporation") is a corporation organized on February 25, 1925, under the laws of the State of Delaware with its principal office at Fifth Avenue and Smithfield *128 Street, Pittsburgh, Pennsylvania. Kaufmann Department Stores, Inc. (hereinafter called "Stores, Inc.") is a corporation organized on January 13, 1913, under the laws of the State of New York with its principal office at Fifth Avenue and Smithfield Street, Pittsburgh, Pennsylvania. 2. Effective as of December 19, 1938, Securities Corporation and Stores, Inc., together with three subsidiaries of Stores, Inc. (namely, Investment Land Company, Luke Swank, Inc., and Sampeck Clothes, Inc.) entered into a nontaxable Joint Plan of Merger and Recapitalization which, under its various proper and statutory terms, was filed in the offices of the Secretaries of State for the states of New York and Delaware and the Commonwealth of Pennsylvania on the 12th, 17th and 19th days of December, 1938, respectively. 3. The Joint Plan of Merger provided, inter alia, that Investment Land Company, Securities Corporation, Luke Swank, Inc., and Sampeck Clothes, Inc., should be merged into Stores, Inc., as the surviving corporation; that prior to the consummation of the merger, the companies to be merged should pay off and discharge all of their liabilities excepting intercompany accounts and amounts carried *129 as capital and surplus; that upon consummation of the merger the outstanding stock of Investment Land Company, Luke Swank, Inc., and Sampeck Clothes, Inc., (all of which was owned by Stores, Inc.) should be exchanged for stock of the surviving corporation and the outstanding shares of Common Stock of Stores, Inc., should be exchangeable for and converted into stock of the surviving corporation on the basis of one-tenth of a share of the Preference Stock and one share of the Common Stock of the surviving corporation for each share of the old Common Stock; and that the shares of Preference and Common Stock received in exchange for shares of the old Common Stock of Stores, Inc., owned by Securities Corporation should be distributed among the stockholders of Securities Corporation pro rata in proportion to their respective holdings of stock in Securities Corporation, so that each former stockholder of Securities Corporation should receive 0.3069438 of a share of the Preference Stock and 3.069438 shares of the Common Stock of the surviving corporation in exchange for each share of Securities Corporation. 4. Immediately prior to the merger, Securities Corporation was the owner of 306,861 *130 shares of old Common Stock of Stores, Inc. Under the plan of merger and recapitalization, Securities Corporation received new shares in Stores, Inc., (the surviving corporation) in exchange for these old shares as follows: 306,861 shares of new Common Stock 30,686.1 shares of new 5% Cumulative Preference Stock 5. On or after December 15, 1938, there were 99,973 shares of Common Stock of Securities Corporation outstanding and owned by its shareholders. The petitioners were the owners of the following numbers of shares of Common Stock of Securities Corporation: Edgar J. Kaufmann
72,449
Edgar Kaufmann, Jr.
4,000
Liliane S. Kaufmann
4,000
Oliver M. Kaufmann
13,164
Irwin D. Wolf
4,210
Martha K. Wolf
2,105
99,928
Pursuant to the merger agreement, each stockholder of Securities Corporation received, pro rata in proportion to his respective holdings, 0.3069438 of a share of the new Preference Stock and 3.069438 shares of the new common stock of Stores, Inc. 6. Immediately prior to the merger, the issued and outstanding stock of Stores, Inc., consisted of 566,463 shares of common stock and 4,325 shares of preferred stock of which the petitioners were the *131 owners of 34,579 shares of the common stock and owned no preferred stock. 7. At the date of the issuance of the preference stock and common stock of Stores, Inc., the relative values of said preference and common stock were as follows: 1 share 5% Preference $100.00 per share $100.00 total,.4664723 Proportion. 10 shares $1.00 Par Com. $11.4375 per share, $114.375 total,.5335277 Proportion. 8. On December 16, 1938, the petitioners, with the exception of Martha K. Wolf, paid into Securities Corporation on a pro rata basis the sum of $499,999 for the purpose of paying Securities Corporation's existing liabilities. The cash owned by Securities Corporation as of the date of the merger was used to pay liabilities of Securities Corporation, and the only asset transferred to Stores, Inc., by Securities Corporation pursuant to the merger consisted of the 306,861 shares of Common Stock of Stores, Inc., owned by Securities Corporation. 9. As a condition of the merger required by Stores, Inc., the petitioners, as the major stockholders of Securities Corporation, agreed to indemnify Stores, Inc., against all obligations and liabilities of Securities Corporation which might be thereafter *132 asserted against Stores, Inc. Such agreement was subsequently embodied in a written agreement by petitioners, dated December 27, 1938, and accepted by Stores, Inc., on the same date. 10. During the years 1943 and 1944, the petitioners paid liabilities of Securities Corporation, assessed or asserted subsequent to the merger, in the total sum of $386,043.21, consisting of federal income taxes for the years 1936 and 1937, together with interest thereon, Pennsylvania Corporate Loans and Corporate Franchise taxes for the years 1935 to 1938, inclusive, together with penalties and interest, and attorneys' fees in connection with the litigation of the federal income taxes. The amounts were paid by the individual petitioners as follows: Paid in 1943
Paid in 1944
Edgar J. Kaufmann
$57,158.29
$222,723.03
Edgar Kaufmann, Jr.
3,153.56
12,288.17
Liliane S. Kaufmann
3,153.56
12,288.17
Oliver M. Kaufmann
50,880.50
Irwin D. Wolf and
Martha K. Wolf
4,982.63
19,415.30
11. Prior to January 1, 1941, the petitioners, with the exception of Liliane S. Kaufmann, sold all of their preference stock of Stores, Inc., received by them under the merger. In reporting the *133 gains derived from such sales in their federal income tax returns for the years in which said preference stock was sold, none of the said petitioners included as part of the cost basis of the stock sold any part of the amounts thereafter paid by each pursuant to their Agreement. 12. On April 21, 1944, all of her preference stock of Stores, Inc., received by Liliane S. Kaufmann under the merger, was redeemed by Stores, Inc. In reporting the gain derived from such redemption in her federal income tax return for the year 1944, Liliane S. Kaufmann did not include as part of the cost basis of the stock sold any part of the amount paid by her pursuant to the Agreement. 13. The petitioners on their federal income tax returns for the years 1943 and 1944 deducted the following amounts on account of liabilities of Securities Corporation, paid by the petitioners: Deducted
Deducted
in return
in return
for 1943
for 1944
Edgar J. Kaufmann
$57,158.29
$222,723.03
Edgar Kaufmann, Jr.
3,153.56
12,288.17
Liliane S. Kaufmann
3,153.56
12,288.17
Oliver M. Kaufmann
50,880.50
Irwin D. Wolf and
Martha K. Wolf
4,982.63
19,415.30 The respondent in his deficiency *134 notice has disallowed the above deductions in their entirety. [Opinion] Had the tax liabilities of "Securities" been known as of the date of the merger, they would presumably have been paid along with its other liabilities by its stockholders, the present petitioners, at that time. We think that action would have been treated as a contribution to capital, or as part of the cost of the new shares of Stores, see , and as such have become an additional investment leading to an increase in petitioners' basis for the new stock of Stores received in exchange; and furthermore that the payments so made would be considered as spread ratably over all of that stock in its appropriate proportions, as agreed by the parties in detail in the stipulation of facts which they have filed. See . If we are right so far, the consequences would have been: (1) that the transaction would result in no gain or loss at the time of payment, see, e.g., ; but (2) computation would be postponed until disposition of the new shares at which time the increase in basis would *135 be taken into account. . That the consequences are no different where unknown liabilities are subsequently ascertained and paid appears from ; and , where, as here, nontaxable reorganizations led to the acquisition of property and were followed by subsequent payments of previously unknown liabilities. The result can only be that petitioners are not entitled to a deduction for the total amounts paid in the tax years. They must, however, on authority of the same cases, be permitted to deduct in their entirety interest and litigation expense actually incurred by them subsequent to the merger and paid in the tax years. In addition, it follows from what has been said that to the extent petitioners have disposed of the new stock, account must be taken of their capital contributions since there is no other way by which the basis of all the stock can be increased by the payments, the total allocated pro rata, and still an opportunity be given petitioners to recover free of tax the increased capital *136 represented thereby. The final question remains whether this portion of the deduction should be treated as a capital or ordinary loss. On authority of (July 31, 1951), we conclude it must be the former. All of the necessary figures appear from which the requisite computations may be made. Accordingly, Decision will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Liliane S. Kaufmann; Edgar Kaufmann, Jr.; Oliver M. Kaufmann; Irwin D. Wolf and Martha K. Wolf.↩